**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

NAKITA DARNELL FLOYD
ADC #118910                                                                          PLAINTIFF

v.                                            3:06CV00124 GTE

ANDRE NASH, et al.                                                              DEFENDANTS

## <u>ORDER</u>

Defendant Jamie Boyd has filed a Motion to Dismiss[1] alleging that this *pro se* § 1983 action

should be dismissed because: (1) There is no basis pleaded to invoke the jurisdiction of this court;

(2) There is no diversity of citizenship for purposes of jurisdiction; (3) Ms. Boyd is an employee of

Crittenden Publishing Company, and she is not a state actor under 42 U.S.C. § 1983; (4) No civil

rights conspiracy is pleaded; and (5) Plaintiff fails to state a claim for slander, and in the alternative,

Ms. Boyd's actions were privileged.  *See* docket entry #24.  The Court concludes that a Response

from Plaintiff would be helpful to the resolution of that Motion.

IT IS THEREFORE ORDERED THAT:

1.        Plaintiff shall file, **within thirty days of the entry of this Order**, a Response to

Defendants' Motion to Dismiss (docket entry #12).

2.        Plaintiff is hereby advised that his failure to timely comply with this Order could

---

[1]The Court notes that Separate Defendant should have filed a separate Motion to Dismiss and Brief in Support under Local Rule 7.2, rather than including the Motion to Dismiss in Separate Defendant's Answer.  The Court will consider the Motion, as Separate Defendant's claims for dismissal are clear, however, this practice should not be repeated in the future.

result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2),[2] and that

such dismissal could constitute a "strike," as defined by 28 U.S.C. § 1915(g).[3]

       Dated this <u>1st</u> day of November, 2006.


       <u>/s/ Garnett Thomas Eisele</u>
       UNITED STATES DISTRICT JUDGE

---

    [2] Local Rule 5.5(c)(2) provides, in pertinent part that: "If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."

    [3] 28 U.S.C. § 1915(g) provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is <u>frivolous</u>, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Emphasis added.)